Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have previously asked for certification of two separate submissions, each containing a popular name and ballot title for a similar measure. I rejected those submissions in Opinions 99-296 and 99-324 due to a number of unresolved ambiguities arising from the text of your measure. You have now made changes to the text of your proposal and have submitted the following proposed popular name and ballot title for my certification:
 POPULAR NAME PROVIDE FOR THE IDENTIFICATION AND PROHIBITION OF ACLOHOL [SIC], FROM THOSE PERSONS CONVICTED OF AN ALCOHOL OFFENSE
 BALLOT TITLE AMENDMENT TO INDENTIFY [SIC] ANY PERSON FOUND GUILTY, PLEADING GUILTY, OR NO CONTEST TO DRIVING A VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL, PUBLIC INTOXICATION, ASSAULT AND BATTERY WHILE UNDER THE INFLUENCE OF ALCOHOL, AND A DOMESTIC DISTURBANCE WHILE UNDER THE INFLUENCE OF ALCOHOL WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON A PERSON'S STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION FOR TWO YEARS; TO PROVIDE FOR THE PROHIBITION ON THE PURCHASE OF ALCOHOLIC BEVERAGES TO THOSE PERSONS IDENTIFIED WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION BY THOSE BUSINESSES LICENSED BY THE STATE TO SELL ALCOHOLIC BEVERAGES; TO PROVIDE A FINE FOR ANYONE LICENSED BY THE STATE TO SELL ALCOHOLIC BEVERAGES SELLING AN ALCOHOLIC BEVERAGE TO A PERSON IDENTIFIED WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT AND PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The following ambiguities must be clarified in both your measure and ballot title:
 1. Section 1(a) of your proposed amendment requires the establishment of a system to have the words "Alcohol Prohibited" written on the driver's license or other identification of persons found guilty, pleading guilty or no contest to certain enumerated crimes. Two of the crimes enumerated are "assault and battery while under the influence of alcohol" and "a domestic disturbance while under the influence of alcohol." These are not discrete crimes under current law. I am uncertain, therefore, as to how such persons will be identified. An ambiguity exists as to whether courts will be required to make some kind of separate finding in this regard, or whether the General Assembly will in fact be required, pursuant to Section 4 of your amendment, to make these offenses recognized crimes.
 2. An ambiguity exists when Section 1(b) is read in conjunction with Section 1(c). Subsection 1(b) states that any person convicted of one of the enumerated crimes "shall have the words `Alcohol Prohibited' written on their state issued driver's license. . . ." Subsection 1(c) provides, however, that upon the requisite criminal conviction the defendant "shall surrender . . . their previously state issued driver's license . . . or pay a fine in the amount of . . . $750.00. . . ." Subsection 1(c) indicates that the defendant, at his option, may retain his previously issued unrestricted driver's license indefinitely if he pays a fine of $750.00. This conflicts with Subsection 1(b), which appears to mandate the restricted driver's license.
 3. A separate ambiguity arises from Section 1(c) of your proposed amendment. I assume, from a reading of your amendment as a whole, that the required surrender of the driver's license or identification, or in the alternative, the payment of the $750.00 fine, is in addition to any other criminal penalties (incarceration or fines) imposed for the underlying criminal offense. An ambiguity exists in this regard, however, as to whether this subsection now contains the only penalty for the enumerated underlying offenses.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General